IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DVCOMM, LLC** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | **NO. 14-5543** |
| **HOTWIRE COMMUNICATIONS, LLC,** *et al.* | : | |

**KEARNEY, J.** **May 13, 2016**

**MEMORANDUM**

We expect timely compliance with our detailed post-hearing orders finding evidence spoliation and directing parties to pay sanctions in the form of attorney's fees by a date certain. We lose jurisdiction to compel compliance when a final order denying a motion for new trial based, in part, on the same spoliation sanctions, are timely appealed. Absent jurisdiction, we deny a motion to reduce our sanctions order to a judgment and allow a party to execute on the sanctions order while the grounds for sanctions are on appeal.[1]

**I. Procedural Background**

Defendants Hotwire Communications, LLC and Hotwire Communications, Ltd. (collectively "Hotwire") move to reduce to judgment our February 16, 2016 order imposing monetary sanctions of $110,262.95 upon Defendant DVComm, LLC ("DVComm") and its owner, Steven C. Sizemore ("Sizemore"), jointly and severally. We deny Hotwire's motion in the accompanying order.

On February 16, 2016, following a full evidentiary hearing and in accordance with our January 25, 2016 Order granting Hotwire's Motion for Sanctions, we ordered DVComm and Sizemore jointly and severally responsible for monetary sanctions in the amount of $110, 262.95

payable to Hotwire by March 1, 2016.[2] Our February 16, 2016 Order followed our February 3, 2016 Order and Findings and Fact and Conclusions of Law regarding spoliation of evidence by DVComm and Sizemore and imposing as a sanction an adverse inference jury instruction.[3]

On March 1, 2016, DVComm and Sizemore moved to reconsider of our February 3 and February 16, 2016 Orders and to vacate those orders, or, in the alternative, for relief from the two orders under Fed.R.Civ.P. 60(b) and for an immediate stay under Fed.R.Civ.P. 62(b).[4] On March 10, 2016, DVComm moved for a new trial under Fed.R.Civ.P. 59 and 61 arguing our February 3, 2016 order imposing an adverse inference instruction is erroneous; a jury instruction is erroneous; and, we erred in limiting an expert's opinion in our December 23, 2015 Order.[5] We denied the motion for reconsideration on March 29, 2016.[6] After oral argument, we denied DVComm's motion for a new trial on March 31, 2016.[7]

On April 7, 2016, DVComm filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit from our March 29, 2016 denial of the motion for reconsideration and our March 31, 2016 denial of the motion for a new trial, as well as our Orders dated December 23, 2015,[8] January 5, 2016,[9] and the February 3 and February 16, 2016 Orders.[10] DVComm did not move for a stay or post a bond in the Court of Appeals. Sizemore did not appeal.

**II. Analysis**

Hotwire moves to require DVComm pay the monetary sanctions award within ten (10) days or, alternatively, direct the Clerk of the Court to enter judgment in favor of Hotwire and against DVComm so that it may begin collection efforts. Hotwire argues absent a stay from our Court of Appeals, we should exercise our discretion to supervise our judgment and enforce our February 16, 2016 Order. DVComm failed to respond to Hotwire's motion. Upon consideration,

we are constrained to find we are without jurisdiction to rule on Hotwire's motion and reduce our February 16, 2016 Order to judgment.

Our Court of Appeals proscribes, as a general rule, "the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal."[11] Although there are exceptions to this general rule, our Court of Appeals directs the instances in which a district court's power is retained are limited and include jurisdiction to determine an application for attorneys' fees; to issue orders regarding the filing of bonds or supersedeas bonds; to modify, restore, or grant injunctions; to issue orders with reference to the record on appeal; and to vacate a bail bond and order arrest.[12]

The Federal Rules of Appellate Procedure allow us to retain jurisdiction even after the filing of a notice of appeal with regard to certain timely filed motions, such as a motion to alter or amend judgment under Fed.R.Civ.P. 59, a motion for a new trial under Rule 59, or motion for relief under Rule 60.[13] An appeal taken from an "order or judgment which is non-appealable" does not divest us of jurisdiction for to do so "would enable a litigant temporarily to deprive a district court of jurisdiction at any non-critical or critical juncture including trial itself, thus bringing proceedings in the district court to a standstill while a non-appealable ruling wends its way through the appellate process."[14]

DVComm appeals from, among other orders: our March 29, 2016 Order denying DVComm and Sizemore's motion for reconsideration of our February 3 and February 16, 2016 sanctions orders; from our March 31, 2016 denying DVComm's motion for a new trial; and, our February 3 and February 16, 2016 sanctions orders.

Hotwire cannot show an exception outlined by our Court of Appeals in *Venen*, or an argument we may consider post-appeal under Fed.R.App.P. 4, or a situation where an appeal has been taken from a non-appealable order. We cannot grant Hotwire's motion and reduce our February 16, 2016 Order to judgment to allow Hotwire's collection efforts against DVComm and Sizemore while DVComm appeals our sanctions order to the Court of Appeals if only because the sanctions order is part of new trial denial which is an appealable order. We do not agree our "discretion" allows us to reduce our sanctions order to judgment once DVComm filed its notice of appeal on issues now before the Court of Appeals; we read the Court of Appeals' direction in *Venen* as divesting us of jurisdiction over orders now on appeal.

We deny Hotwire's motion in the accompanying Order.

---

[1] We may have a different issue had the sanctions order been reduced to judgment before the appeal as we would then be supervising our existing judgment. *See e.g., International Custom Products, Inc. v. United States,* 395 F.Supp.2d 1291, 1294-1295 (Ct. Int'l Trade 2005).

[2] *See* February 16, 2016 Findings of Fact and Conclusions of Law (ECF Doc. No. 149) and Order (ECF Doc. No. 150).

[3] *See* February 3, 2016 Findings of Fact and Conclusions of Law (ECF Doc. No. 128) and Order (ECF Doc. No. 129).

[4] ECF Doc. No. 151.

[5] ECF Doc. No. 152.

[6] ECF Doc. No. 159.

[7] ECF Doc. No. 163.

[8] ECF Doc. No. 86. Our December 23, 2015 Order granted in part and denied in part Hotwire's *Daubert* motion and limited the testimony of DVComm's expert.

[9] ECF Doc. No. 97.

[10] ECF Doc. No. 165. Although our February 16, 2016 Order imposed money sanctions on both DVComm and its owner Sizemore jointly and severally, only DVComm filed a Notice of

---

Appeal. As DVComm did not address whether judgment could proceed as to Sizemore alone given his decision not to appeal, we decline to issue an advisory opinion.

[11] *Venen v. Sweet*, 758 F.2d 117, 120 (1985) (citations omitted).

[12] *Id.* at 120, n.2; *see also* 20 James Wm. Moore, *et al.*, *Moore's Federal Practice* §303.32 *et seq.* (3d ed. 2015).

[13] *See* Fed.R.App.P. 4(a)(4)(A)(i)-(vi). "If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed.R.App.P. 4(a)(4)(B)(i).

[14] *Venen*, 758 F.2d at 121 (citations omitted).